

600 14th St. NW, 5th Floor    T 646.960.8611
Washington, DC 20005    F 646.960.8625
james@scl-llp.com    www.scl-llp.com

**Shinder · Cantor · Lerner**

April 30, 2026

<u>VIA ECF</u>

The Honorable Keli M. Neary
United States District Judge
United States District Court
Middle District of Pennsylvania
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

> Re: *Global Infrastructure Finance and Development Authority Inc. v. CUSIP Global Services and FactSet Research Systems Inc., Case No. 1:26-CV-00495 (M.D. Pa.)*
>
> *Defendants' Letter Concerning Plaintiffs' Various Filings (ECF Nos. 31, 34-36).*

Dear Judge Neary:

In accordance with your individual rules concerning "written correspondence from counsel to the court," Defendants CUSIP Global Services ("CGS") and FactSet Research Systems Inc. respectfully submit this letter in response to Plaintiff Global Infrastructure Finance and Developmental Authority Inc.'s ("GIFDA") recent filings. GIFDA's last-minute filings raise various issues and, more importantly, call into question the merit and practicality of convening a May 21 preliminary injunction evidentiary hearing. These challenges include an expanded set of plaintiffs and evolving factual allegations designed to bolster a legally deficient antitrust theory.

On April 28, the last day to amend their complaint as of right and less than a month before the preliminary injunction evidentiary hearing, GIFDA filed Plaintiffs' First Amended Complaint for Injunctive Relief, Damages, and Declaratory Judgment ("Amended Complaint") (ECF No. 31), Plaintiffs'

Supplemental Brief in Support of Motion for Preliminary Injunction ("Supplemental PI Brief") (ECF No. 34), and Plaintiffs' Motion for Joinder of Additional Plaintiffs Pursuant to Federal Rules of Civil Procedure 19 and 20, along with a Brief in Support of Plaintiffs' Motion for Joinder of Additional Plaintiffs ("Motion for Joinder") (ECF Nos. 35 and 36).

The various filings, which exceed 1,000 pages including attached exhibits and declarations, seek to add five plaintiffs and new substantive allegations to both the complaint and the already fully briefed motion for preliminary injunction. *See* ECF Nos. 3, 22, 30. In so doing, GIFDA's Amended Complaint attempts to fix the problems with its first complaint (ECF No. 1) but still fails to state cognizable antitrust or common law claims and reinforces the conclusion that GIFDA's claims fail as a matter of law. Moreover, even if GIFDA had viable claims, GIFDA's filings materially complicate the parties' pre-hearing processes, necessitating the adjournment of the May 21 preliminary injunction evidentiary hearing. Each point is addressed below.

First, beyond adding new plaintiffs, the Amended Complaint attempts to bolster GIFDA's antitrust claims by adding allegations regarding market definition, market power (including barriers to entry), and injury to competition. None of this fixes the fatal defect in these antitrust claims—that, as a customer of CGS, GIFDA cannot allege injury to competition, the bedrock requirement of antitrust claims. The Amended Complaint does not meet the narrow exceptions the antitrust laws provide to the general precept that firms are entitled to unilaterally set the terms upon which they will deal with customers. As a result, Defendants intend to renew their motion to dismiss with respect to this revised pleading and request that this case be dismissed with prejudice. If anything, this last-ditch attempt to fix the defects of GIFDA's original complaint highlights the need to address Defendants' motion to dismiss before wasting the Court's and the parties' time with an extended evidentiary hearing that could now encompass five new plaintiffs.

Additionally, GIFDA's filings also render the current schedule, which was tailored towards the May 21 hearing date, wholly impractical. For context, the parties are currently negotiating statements of undisputed facts and are set to make their first pre-hearing filing on May 1. *See* ECF Nos. 25, 30. The parties are also poised to exchange expert disclosures and witness lists on May 7 and hearing exhibits on May 11. *Id.* The additional plaintiffs and new allegations throw this whole process, agreed to by the parties and the Court, into disarray. Of particular

SCL

Shinder · Cantor · Lerner

note, GIFDA and the additional plaintiffs now include allegations concerning conduct impacting companies in foreign countries like Nigeria and Morocco. *See, e.g.*, ECF No. 31 ¶¶ 76, 83, 85. And, just like GIFDA, these entities' alleged injuries occurred *years* ago, once more demonstrating a lack of irreparable harm or urgent need for an expedited evidentiary hearing. *See, e.g.*, ECF No. 35-6 ¶¶ 20-25 (Ameri Metro's alleged injury in January 2022); ECF No. 35-7 ¶¶ 16, 19 (Malibu Homes' alleged injury in August 2022).

If this were not enough, GIFDA filed its Supplemental PI Brief without seeking leave of court. That brief is noncompliant and should be disregarded. L.R. 7.7 (under Reply Brief, "No further briefs may be filed without leave of court.").[1] While GIFDA claims that no "liability theory" or "legal standards" have changed through this improper motion, it admits that the brief includes new allegations to give a "full picture of harm." ECF No. 34 at 1. And, in fact, the brief does include a plethora of new allegations (many of which mirror the Amended Complaint) designed to improperly bolster GIFDA's deficient positions on the merits and on irreparable harm. This brief should be struck.

Finally, GIFDA curiously filed a Motion for Joinder *after* filing an Amended Complaint.[2] The Motion for Joinder seeks to add the five additional plaintiffs *who are also found* in the Amended Complaint. Defendants request guidance from the Court on this submission, as it would prejudice Defendants to expend additional resources to respond to what appears to be an unnecessary and duplicative motion.

GIFDA's various filings make two things clear. First, that Defendants' renewed motion to dismiss should be decided before an evidentiary hearing is convened in this case. Second, that the May 21 hearing date is impractical and should be adjourned.[3] Defendants will need time to assess all the new allegations and plaintiffs to determine the scope of their defenses, if additional witnesses are necessary, if additional or alternative expert testimony is necessary, and what exhibits may need to be added to any exhibit list.

---

[1] GIFDA did not seek Defendants' concurrence to file this noncompliant supplemental brief.

[2] When GIFDA sought concurrence on its Motion for Joinder, counsel did not indicate GIFDA would also be filing the Amended Complaint.

[3] GIFDA admits that an evidentiary hearing is unnecessary when it states that the parties' papers "establish[] the full scope of Defendants' [alleged] anticompetitive conduct." ECF No. 34 at 5.

Defendants therefore respectfully request the Court's intervention to set a briefing schedule for a renewed motion to dismiss the Amended Complaint, and/or to set a status conference at its earliest convenience to discuss these various issues.

Respectfully submitted,

*/s/ James Kovacs*

James Kovacs

*Lead Counsel for Defendants CUSIP Global Services and FactSet Research Systems Inc.*

**SCL**

Shinder · Cantor · Lerner